EMANUEL MITCHELL *v.* JOHN B. BORDERS ET AL.

**Sales—Purchase of Land for Acting Commissioners.**

A sale of land, by a commissioner, made to himself by a party standing in the relation of trustee or agent, will not be permitted to stand, if any profit or advantage was made by the purchase.

APPEAL FROM MADISON CIRCUIT COURT.

September 24, 1869.·

OPINION OF THE COURT BY JUDGE PETERS:

The court having ascertained that a sale of Mitchell's land was necessary to pay his debts, so adjudged, and appointed White to execute the same, and although the land was struck off to Bordes, and he was the ostensible purchaser, yet the evidence conclusively establishes the fact that Bordes purchased the land for White, the commissioner. Whether this sale should be approved by this court is the important question in this controversy.

It is an equitable rule well established that a sale made to himself by a party standing in relation of trustee, or agent, will not be permitted to stand, if the party shall have gained any profit

or advantage by the purchase. In this case, the evidence does not leave the question free from doubt, whether the price paid for the land was full and adequate, and perhaps according to the authorities that of itself should be sufficient to set aside the sale, as the burden is on the purchaser, to show that the price was fair and full and he made no profit by the purchase.

But there is some evidence tending to show that White, before the sale assured the wife of appellant, in his absence, that he intended to buy the land if it did not bring $30 per acre, for the benefit of appellant and permit him to retain it, by refunding to him, what he paid. Under these circumstances as the effort was made to set aside the sale before it had been confirmed by the court, and as it was not in fact a sale until it was approved and confirmed, it would have been proper to have opened the biddings and thereby ascertained whether the land would have sold for more than it brought at the sale made by White.

It is objected, that more than $1.50 was allowed the commissioner who executed the deed to the purchaser and the allowance was taxed as costs against appellant. This allowance violates the provision of *section 5, chapter 65, 2 R. S. p. 140,* and perhaps in a case of a further departure, and a greater allowance might, of itself be a cause of reversal. It is safest to make such allowance only as is provided for, by the *state,* but whether or not this court would reverse for that error *alone,* need not now and in this case be decided. But for the error indicated the judgment is *reversed* and the cause is remanded with directions to set aside the sale, upon equitable principles and to order a resale. Appellees to have a lien on the land for the purchase price paid by Bordes or White with interest from the day of sale subject to deductions of soil, timber etc., and for an adjustment of improvements upon equitable principles.

*Turner, for appellants.*

*Burnam, Breckinridge, for appellee.*